Reese, J.
delivered the opinion of the court.
This is an action on the case, brought by Fleming and Frier-son against Webster, in the circuit court for Maury county, for erecting a dam so high as to flood the mill of plaintiffs, and thereby obstructing it in beneficial and profitable operation.
They obtained a verdict and judgment, to reverse which, Webster has prosecuted his appeal in error to this court.
The judge presiding at the trial, was asked by the counsel for defendant to charge the jury, that the riparian possessors of the stream had a right to use the stream passing through their own lands, so as not to injure the rights of those owning lands above and below; but that this was to use the water in the natural channel, and that if plaintiffs had since the erection of defendant’s mill, cut an artificial i’ace or channel, and had located their mill upon said race or channel, at a point below the level of the natural channel of the creek, and if their mill were thereby flooded from defendant’s dam, when it could not have been flooded if placed at a corresponding site on the natural channel of the creek, 'that plaintiffs could not then recover.
This his honor refused to charge, but told the jury, that the owner of the land would have a right to divert the water and use it at a higher or lower point, provided he again returned the stream to its natural channel before it left his land, and that he might build his mill upon an artificial race, at a point lower than the natural bed of the creek, and that if defendant’s mill flooded plaintiffs’ at this situation, lower than the channel of the creek, he could recover just as though the mill were situated on the natural channel.
As to the charge of the circuit court, two observations may be made:
1st. If it were erroneous, it would constitute no ground for reversal in the case before us: because, so far from there being any evidence in the record to show, that the mill wheels of the plaintiffs, were in fact placed below the level of the channel of the creek, the uncontradicted testimony in the cause, fully establishes, that the wheel machinery of the mill was suspended above the natural level; and, therefore, the supposed error of the court could not have misled the jury with reference to any fact proved in the cause.
But in the second place, what was said by the court, is not er *520 roneous. For if the water flowing in the artificial channel were returned by it to the natural channel, before it left the land of the plaintiffs, it is not perceived how any depression in this artificial channel at or above, or below the site of the mills, could authorise or justify the proprietor of the mill below to overflow the lands of the owner above, and thus reach to and obstruct his mill.
True, the action here, is not for overflowing the lands, but for obstructing the mill of the plaintiffs. But it is not perceived how that can make any difference/or how the acknowledged right of the plaintiffs to repel the defendant from overflowing their lands, can exist, and the right to repel him from overflowing their mill, not exist also, upon the supposition, that they having used the stream according to their legitimate power, have returned it, while still upon their own premises, to its proper and natural channel.
Let the judgment be affirmed.